```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :       18-cr-603 (ARR)
                                                    :
     -against-                                      :       NOT FOR PRINT OR
                                                    :       ELECTRONIC
MOHAMED TAHLIL MOHAMED and                          ::      PUBLICATION
ABDI YUSUF HASSAN                                   :
                                                    :       ORDER
                         Defendant.                 :
                                                    X
-------------------------------------------------------------------
```
ROSS, United States District Judge:

The government has brought three motions in limine: (1) to admit the defendant's post-arrest statements at trial; (2) to admit statements by defendants and co-conspirators made to John Doe and to a confidential source; and (3) to preclude the defendants from admitting evidence or cross-examining John Doe about a 2008 conviction for fare dodging and a 1990 shoplifting incident. I address each of these motions in turn, noting that many of the issues raised cannot be fully resolved at this time.

### I.    Defendants' Post-Arrest Statements

The government moves for admission at trial of defendants' post-arrest statements. *See* Govt's Mot. in Limine ("Govt. Mot."), 6–9, ECF No. 47. Defendants oppose the motion on Sixth Amendment confrontation clause grounds. *See* Def.'s Mem. of L. in Opp. to Govt.'s Mot. in Limine ("Def. Opp."), 1–2, ECF No. 48..

Mohamed's post-arrest statement does not include any reference to his co-defendant Hassan, so it does not raise a confrontation clause problem Govt. Mot. at 4. Mohamed has

not raised any other objections to the admissibility of his statement. *See* Def. Opp. Thus, Mohamed's post-arrest statement is admissible at trial.

Hassan's statement does reference Mohamed. However, the admissibility of the entire statement is at issue on other grounds. I need not decide this question before I hold a pre-trial evidentiary hearing concerning Hassan's post-arrest statement.

II. **Statements by Alleged Co-conspirators to John Doe and a Confidential Source**

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides in relevant part that "[a] statement is not hearsay if . . . the statement is offered against an opposing party and was made by the party's co-conspirator during and in furtherance of the conspiracy." To admit a co-conspirator statement, I must find the following facts by a preponderance of the evidence: "'(a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy.'" *United States v. Gupta*, 747 F.3d 111, 123 (2d Cir. 2014) (quoting *United States v. Maldonado–Rivera*, 922 F.2d 934, 958 (2d Cir.1990), *cert. denied*, 501 U.S. 1233 (1991)).

The government moves to admit statements alleged co-conspirators made to John Doe and a confidential source. Govt. Mot. 9–10. I cannot make a blanket acceptance or rejection of co-conspirator statements at this time. Those rulings will be made on a case-by-case basis. Upon reviewing the government's motion and § 3500 material produced thus far, it appears much of the anticipated testimony will be admissible as co-conspirator statements. But before any statement is admitted, I will want to know what the statement

is and what the foundation is. If the government puts forth evidence that does not fit the parameters of Rule 801(d)(2)(E), it will not be admitted.

The defendants oppose the government's motion on grounds that the identities of the alleged co-conspirators have not been disclosed. Def. Opp. 2–6. They argue that without knowing the identities of the alleged co-conspirators, they are unable to "independently investigate and demonstrate the presumptive unreliability of these statements[.]" *Id.* at 3.

The information the defendants seek will be turned over in the normal course of discovery. Indeed, the government has already produced numerous documents as § 3500 material related to John Doe. Govt. Reply 2. The government represents that it will continue to produce § 3500 material on a rolling basis well in advance of trial. *Id.* at 3.

Thus, the circumstances of this case are very different from those present in *United States v. Gallo*, 654 F. Supp. 463, 476 (E.D.N.Y. 1987), a case the defendants heavily rely on. *See* Def. Opp. at 3–5. In *Gallo*, Judge Weinstein was concerned about a defendant being "exposed to [a co-conspirator statement] for the very first time at trial, with very little hint of where or how to turn in rebuttal." *Gallo*, 463 F. Supp. at 476. Here, defendants have been provided with voluminous discovery containing names and statements by co-conspirators, and will continue to be provided with more material far in advance of trial. I see no reason to order the government to produce anything beyond that.

### III. 1990 Shoplifting Incident and 2008 Conviction

Finally, the government moves to preclude evidence of a 1990 shoplifting incident and a 2008 conviction for fare evasion. The defendants do not oppose the motion as to the

shoplifting incident, but they do oppose the preclusion of evidence or questioning related to John Doe's 2008 conviction for fare evasion.

Rule 609(b) of the Federal Rules of Evidence governs the admission of convictions that are ten or more years old. The standard is as follows:

> Evidence of the conviction is admissible only if:
>
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evidence 609(b). "It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." *United States v. Mahler*, 579 F.2d 730, 735 (2d Cir. 1978). Such exceptional circumstances are not present here.

To determine whether exceptional circumstances allow evidence to be admitted under Rule 609, a court may consider the following factors:

> the nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has "mended his ways" or engaged in similar conduct recently.

*Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (quoting *Sango v. City of New York*, No. 83 CV 5177, 1989 WL 86995, at *18 (E.D.N.Y. July 25, 1989).

These factors do not favor allowing cross-examination on an twelve-year-old fare evasion conviction. While I agree with defendant that fare evasion is an offense that does involve dishonesty, both the age of the offense and its lack of severity greatly limit its probative value. The credibility of the victim and primary witness in this case is certainly

an important issue, but allowing questioning about such a remote, minor conviction would shed little light on the witness's credibility. It would be an unnecessary distraction. Defendants have failed to demonstrate specific facts and circumstances to overcome Rule 609(b)'s high bar, and thus, cross-examination on this topic will not be permitted.

For similar reasons, I deny the government's request to file this motion under seal. "[D]ocuments may be sealed if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (quoting *Press-Enter. Co. v. Superior Court of California for Riverside Cty.*, 478 U.S. 1, 13 (1986). Doe has minimal privacy interests in concealing such a remote and minor conviction. The circumstances here do not outweigh the presumption of public access.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: April 7, 2020
Brooklyn, New York