```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                :
UNITED STATES OF AMERICA,                       :    18-CR-603 (ARR)
                                                :
                                                :    NOT FOR ELECTRONIC
        -against-                               :    OR PRINT PUBLICATION
                                                :
MOHAMED TAHLIL MOHAMED and ABDI YUSUF           :
HASSAN,                                         :    OPINION & ORDER
                                                :
                Defendants.                     :
                                                X
------------------------------------------------------------------
```

ROSS, United States District Judge:

The government seeks my review of proposed redactions to documents containing classified information that it intends to produce to defendants. Oct. 30, 2020 Letter, ECF No. 96. Having reviewed this classified information *in camera*, I approve the government's redactions.

Under 18 U.S.C. § 3500(b), after a government witness has testified on direct examination, the government must disclose "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." Moreover, under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), the government must disclose any evidence that "tends to exculpate the accused" or "impeach the credibility" of any witness. *United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003) (citation omitted). Additionally, under Federal Rule of Criminal Procedure 16(a)(1)(E)(i), the government must disclose any items that are "material to preparing the defense."

The government argues that none of the classified information it seeks to redact mandates disclosure under 18 U.S.C. § 3500(b), *Brady*, *Giglio*, or Rule 16. Oct. 30, 2020 Letter 1. In doing so, it identifies five categories of proposed redactions: "(i) non-substantive redactions to internal

1

FBI administrative information, (ii) personal identification information, (iii) agent analysis and commentary, (iv) operational information, and (v) other case information pertaining to investigations other than the hostage-taking charged in this case." *Id.* My *in camera* review has confirmed that these five categories accurately describe the proposed redactions, and I have determined that none of this information requires disclosure.

First, I conclude that "internal FBI administrative information," *id.*, such as classification markings and internal case file identification numbers, and "personal identification information," *id.*, such as phone numbers for FBI confidential sources, need not be disclosed. This information is merely clerical. It does not constitute witness statements under § 3500. Nor does it tend to exculpate the defendants, implicate any witness's credibility, or bear on the defense.

Second, I conclude that "agent analysis and commentary," *id.*, need not be disclosed. The Supreme Court has emphasized that § 3500 does not authorize disclosure of an "agent's summaries of interviews" or "memoranda containing the investigative agent's interpretations and impressions." *Palermo v. United States*, 360 U.S. 343, 350 (1959). The content the government seeks to redact is limited to an agent's spontaneous reactions to certain intelligence or independent cross-references to other agency reports. Thus, this information constitutes an agent's "interpretations and impressions," *id.*, and need not be disclosed under § 3500. Moreover, my review has confirmed that these impressions do not tend to exculpate the defendants, implicate any witness's credibility, or bear on the defense.

Third, I conclude that the "operational information," Oct. 30, 2020 Letter 1, the government seeks to redact need not be disclosed. I cannot elaborate on the nature of this information without jeopardizing its classified status, but it does not constitute a witness statement under § 3500, tend to exculpate the defendants, implicate any witness's credibility, or bear on the

defense. Indeed, the government has assured me that none of the testifying witnesses would have any knowledge of this information.

Finally, I conclude that "other case information pertaining to investigations other than the hostage-taking charged in this case," *id.*, need not be disclosed. The reports the government seeks to produce contain intelligence from unrelated sources concerning investigations wholly distinct from this case. Upon review, I find that none of this information "relates to the subject matter" of any witness's anticipated testimony. 18 U.S.C. § 3500(b). Further, it does not tend to exculpate the defendants, implicate any witness's credibility, or bear on the defense.

For these reasons, I approve the government's proposed redactions to the classified materials it intends to produce to defendants. I conclude that the underlying information need not be disclosed under § 3500, *Brady*, *Giglio*, or Rule 16. Further, I understand that when the government turns over the redacted documents to defendants it will identify Confidential Witness 1 by both given and code name, which will aid defendants in their review.

SO ORDERED.

                                                                              /s/
                                              Allyne R. Ross
                                              United States District Judge

Dated:       July 2, 2021
              Brooklyn, New York